J-A26041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHANIE ANNETTE BROWN | : | |
| | : | |
| Appellant | : | No. 281 WDA 2024 |

Appeal from the Judgment of Sentence Entered February 13, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007084-2023

BEFORE:  OLSON, J., STABILE, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                    **FILED:  October 15, 2025**

Appellant, Stephanie Annette Brown, appeals *pro se* from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following her bench trial conviction for simple assault and disorderly conduct.  We dismiss the appeal.

The relevant facts and procedural history of this matter are as follows.  On May 20, 2023, Appellant used a baseball bat to assault a victim in a Walmart bathroom.  As a result of the assault, the victim suffered a bodily injury.  On February 13, 2024, following a bench trial, the court convicted Appellant of the aforementioned offenses.  That same day, the court sentenced Appellant to 18 months' probation for simple assault, with no further penalty for the disorderly conduct.  On February 22, 2024, trial counsel filed a motion seeking to withdraw representation, which the court granted on March 5, 2024.  On March 8, 2024, Appellant timely filed a *pro se* notice of

appeal.

On May 6, 2024, this Court remanded to the trial court for a **Grazier**[1] hearing. After conducting the hearing, the trial court determined that Appellant wished to proceed *pro se*. On September 5, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within 21 days of the entry of the order. On December 11, 2024, Appellant filed an untimely Rule 1925(b) statement, arguing that she was a foreign diplomatic agent immune from prosecution under the Diplomatic Relations Act of 1978 and the Vienna Convention on diplomatic relations and raising jurisdictional issues related to this claim.[2]

Preliminarily, it is well settled that only issues properly raised in a timely Rule 1925(b) statement are preserved for appellate review. **See Commonwealth v. Castillo**, 585 Pa. 395, 888 A.2d 775 (2005); Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"). "If there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." **Commonwealth v.**

---

[1] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998).

[2] Specifically, Appellant claimed that she was an agent of "the Sultanate Ea Al Maurikanuus Estados," a country which does not exist, but which is sometimes invoked in various name forms by adherents of the Moorish or sovereign citizenship political movements. **See, e.g., El Ameen Bey v. Stumpf**, 825 F.Supp. 2d 537 (D.N.J. 2011).

***Burton***, 973 A.2d 428, 433 (Pa.Super. 2009).  ***See also Commonwealth v. Baker***, 311 A.3d 12, 18 (Pa.Super. 2024).

Instantly, Appellant raises a litany of issues on appeal, none of which were preserved in her Rule 1925(b) statement.  As Appellant did not preserve her appellate claims in a Rule 1925(b) statement, the trial court did not address them on the merits.  Consequently, Appellant's claims are waived on this ground.[3]  ***See Castillo, supra***.  ***See also Baker, supra***; ***Burton, supra***.

Further:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure.  This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure.  Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant.  To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa.Super. 2005) (internal citations omitted).  ***See also*** Pa.R.A.P. 2101 (explaining that briefs which fail to conform with requirements of rules may be suppressed, and, if

---

[3] In its opinion, the trial court stated that Appellant had waived the issues raised in her Rule 1925(b) statement for failure to preserve them in the trial court.  (***See*** Trial Court Opinion, 12/23/24, at 3).  We agree with the trial court that the issues raised in Appellant's Rule 1925(b) statement would be waived for failure to preserve them in the trial court.  ***See*** Pa.R.A.P. 302(a) (stating appellant cannot raise new issues for first time on appeal).  Nevertheless, Appellant has seemed to abandon the issues raised in her Rule 1925(b) statement in favor of new theories of relief on appeal.

defects in brief are substantial, appeal may be quashed or dismissed).

Here, Appellant's brief fails to adhere to the Rules of Appellate Procedure. Appellant's brief consists of 35 pages of bald allegations of due process violations and judicial and prosecutorial misconduct, none of which are supported by citation to the record or any relevant legal authority. *See* Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority). Appellant's failure to comply with the Rules of Appellate Procedure concerning Rule 1925(b) issue preservation and our briefing requirements impedes our meaningful review of this case, requiring dismissal of the appeal. *See* Pa.R.A.P. 2101. Accordingly, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/15/2025